PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

*Complaint #1*
*w/ 3pg Attachment.*
*1 set of grievance*
*#2 along w/ 1 step-one*

IN THE UNITED STATES DISTRICT COURT
FOR THE __Western__ DISTRICT OF TEXAS
__Waco__ DIVISION

**FILED**
March 15, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: ____lad____ DEPUTY

Plaintiff's Name and ID Number: __Shawn L. Dunn 1686724__

Place of Confinement: __Beto Unit 1391 FM 3328 Tennessee Colony TX 75880__

CASE NO. __6:21-cv-00269__
(Clerk will assign the number)

Related Cases - 1:14-CV-0204
6:15-CV-00-737-MHS

v.

Defendant's Name and Address: __Bryon Collier Exe dir of TDCJ  bryon.collier@tdcj.texas.gov__
__P.O. Box 99 - Huntsville TX 77342__

Defendant's Name and Address: __Bobby Lumpkin CID dir. of TDCJ  bobby.lumpkin@tdcj.texas.gov__
__P.O. Box 99 - Huntsville TX 77342__

Defendant's Name and Address: __Garth Parker Et Al. Region II dir of TDCJ  garth.parker@tdcj.texas.gov__
__#2 Backgate Road Palestine TX 75803__

(DO NOT USE "ET AL.") __Kirt Stiefer Warden of George Beto Unit__
__Major Elvin Cuba, Major Amanda Strickland Simpson__
__Capt. Ariel Burkes. Beto Unit Entire Medical Staff Et Al  1391 FM 3328 Tennessee Colony TX 75880__

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

## FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

## CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES ___NO
    B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
        1. Approximate date of filing lawsuit: June 2013
        2. Parties to previous lawsuit:
          Plaintiff(s) Shawn Dunn Et AL.
          Defendant(s) Judge Trentin D Farrell Et Al.
        3. Court: (If federal, name the district; if state, name the county.) Western District
        4. Cause number: 1:14-CV-020-LY
        5. Name of judge to whom case was assigned: Lee Yeakel
        6. Disposition: (Was the case dismissed, appealed, still pending?) Appealed
        7. Approximate date of disposition: N/A.

Rev. 05/15

2

II. PLACE OF PRESENT CONFINEMENT: George Beto Unit 1391 FM 3328 Tennessee Colony Texas 75880

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? ✓ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Shawn L. Dunn Et Al. George Beto Unit. 1391 FM 3328 Tennessee Colony Texas 75880

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Executive Director of TDCJ. Bryan Collier - Inviolation of GG 106: CMC infection control manual B-14.52 Covid-19: PD 22 Rules 5a reckless endangerment, life threatening, reckless disregard for serious medical condition-ie Covid-19 a declared national and state Medical emergency/ Texas penal code (statutory authority) Sec. 39.02.3903 & 39.04 Sec 504 covers incarcerated prisoners

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

The above acts of this defendant harmed me medically, personally, and emotionally

Defendant #2: CID Director of TDCJ Bobby Lumpkin:
" " "

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
" " "

Defendant #3: Region II Director of TDCJ Garth Parker:
" " "

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
" " " "

Defendant #4: Warden of George Beto Kiet Stiefer: "
" "

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
" " "

Defendant #5: Major Amanda Strickland, Major Alvin Cuba, Captain Ariel Burkes: "
" " "

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
" " "

Rev. 05/15

3

V.  STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

On Feb 10, 2021 defendants and colleagues were well informed about Prison officials moving Positive tested offenders- they (defendants) housed on J-wing as a segregated wing (from the rest of general population) - of Covid-19 carriers. This was done by Phone contact from Plaintiffs-family, and by E-mails (E-mails can be provided the court). Plaintiff spoke directly to Regional dir garth Parker + warden Kirt Stiefer on Feb 10, 2021. On Feb 11th and 12th 2021 the Prison officials began moving already Positive Read cases of Covid-19 offenders w/o Retesting, to Plaintiffs housing wing J-wing (who had no Positive Reading cases on Random test taken Jan 26, 2021 and the massive test taken Jan 28, 2021 (which cleared Plaintiff housing of Covid 19). This was a intent to harm, endanger Plaintiff health and Safety willfully. See Attach:

VI. RELIEF: Have a immediate Spears hearing in order to explain specifics in more detail of who, when and where acts were committed and provide the court Proof of Record of the usage of will State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. exhausted remedies that was required. Vaccinate the Prison Population immediately. Re-evaluate Eligible Parolees who were set-off due to Covid-19 and release to a more Safe environment release amount of Population to a Social-distance setting that Protects the offender from harm. Install necessary access to cells for TV reception so social distance dayroom can be implemented. Allow full access to social media correspondence through face time due to visits of family members taken, or Re-open Visitation. Due to Gov. Abbott's Releasing All Statewide Mandates lifted

VII. GENERAL BACKGROUND INFORMATION:

A.  State, in complete form, all names you have ever used or been known by including any and all aliases.

Shawn L. Dunn

B.  List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

01686724

VIII. SANCTIONS:

A.  Have you been sanctioned by any court as a result of any lawsuit you have filed?  ____YES  ✓ NO

B.  If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1.  Court that imposed sanctions (if federal, give the district and division): _____
   2.  Case number: _____
   3.  Approximate date sanctions were imposed: _____
   4.  Have the sanctions been lifted or otherwise satisfied?          ____YES ____NO

Rev. 05/15

C. Has any court ever warned or notified you that sanctions could be imposed? ____ YES ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date warning was issued: _____

Executed on: Feb 11, 2021
             DATE

Shawn L. Dunn
Shawn L. Dunn
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this   11th   day of   February   , 20 21 .
              (Day)              (month)          (year)

Shawn L. Dunn
Shawn L. Dunn
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

Release to Clerk of Court.



TEXAS DEPARTMENT OF CRIMINAL JUSTICE

# OFFICE OF THE INSPECTOR GENERAL
## Investigations Department

Specific information is needed to properly process a complaint. **COMPLETE THIS FORM WITH SPECIFIC DETAILS.** Please do not attach any additional pages. Return the completed form to the following address:

TDCJ-Office of the Inspector General
Investigations Department
P.O. Box 4003
Huntsville, Texas 77342-4003

Offender Name: Shawn L. Dunn    Unit: Beto    TDCJ #: 686724

WHAT was the nature of your complaint? (Provide specific details.)

WHERE did it occur? (Location, Unit)

WHEN did it occur? (Be specific.)    Date    Time

WHY did the incident occur? (Be specific.)

WHO was involved? (List Names)
1.
2.
3.

WHO were the witnesses? (List Names)
1.
2.
3.

ADDITIONAL INFORMATION: Investigating officer Joshua Raines. Invest. Melvin Hill Ct. Invest

Name of person making complaint and address: Tony Dunn 2208 Jefferson Street Wilmington Delaware 19802
Relationship to Offender: Brother

OIG Records Section: (936) 437-5030    Fax: (936) 437-5138
Non-OIG issues should be directed to the TDCJ Ombudsman's Office: (936) 437-6791

17

Advisory Council on Ethics (ACE)

## CODE OF ETHICAL CONDUCT

The Texas Department of Criminal Justice Code of Ethical Conduct is a fundamental element of the Agency's mission of providing public safety, promoting positive offender change and reintegration into the society, and assisting victims of crime.

As a reflection of our mission statement, the Code of Ethical Conduct serves as a practical guide for all employees. This code embodies a fundamental respect for the constitutional rights of all people. It is the responsibility of each employee to adhere to the Agency's Code of Ethical Conduct.

I shall:

- Maintain the highest standards of honesty, integrity and impartiality.
- Uphold all federal, state and local laws, and adhere to the agency's policies, procedures, rules and regulations.
- Be firm, fair and consistent in the performance of my duties, without retribution, retaliation, harassment or abuse toward others.
- Provide and support the provision of humane custody, supervision and care of offenders.
- Not discriminate against any person on the basis of race, color, religion, national origin, sex, age, disability, geographic location or economic status.
- Not sexually harass or condone sexual harassment against any person, and shall report any violations of this policy to the appropriate authorities.
- Maintain confidentiality of information that has been entrusted to me, in my official capacity, unless legally compelled or authorized to release the information.
- Not use my official position for unauthorized personal gain or the unauthorized personal gain of my friends or family.
- Not conduct myself in any manner which may lead any person or entity to expect official favors.
- Recognize that the Code of Ethical Conduct is a symbol of the agency's commitment to the public and a direct reflection on the employee as an individual.

Additional To Section V

Attachment from Sec. V Pg 4 Prisoners Civil Rights Complaint.

Since the beginning of January 2020, the defendants have intentionally and knowingly violated each and every Law, Rule, Regs, and CDC orders mentioned in the Claim. From the start they've repetively moved offenders around from wing to wing, that were either positive test confirmation, or showing signs. They (defendants) house a capacity of over 3,000 offenders, and 600+ officers at the Beto Unit. The amount of wings occupied is from A-U, exception R&S. Each wing holds a capacity of 190 offenders apiece.

When the pandemic hit, attempts to social distance was completely disregarded, and facial mask weren't administered until maybe April of 2020. These mask were cloth, and secured no bottom or side of face from exposure. Inmates started showing signs of cold like syptoms running Nose, headaches, allergy problem, coughs, and fever, all the unit did was isolated their housing, and resumed accordingingly with, School, work, chow, Programmic Activities, direct contact with contract workers, teachers, guards, etc... Never considering Covid-19 had already florished. The Medical department gave No-signs of precaution, around the Unit, when B-wing 1st case aroused. Only reaction was isolation from general population, but still allowed the offenders to use the same chow hall, showers, hallways, etc... w/o disinfecting sanitzing tables, seats in chow halls, shower stalls, etc... after use by this one wing that had a positive reading of Covid-19.

1 of 3

From that Point Covid-19 begun its onslaught of Staff and offenders. The Maximum Sercurity area of Beto. U-wing officers had come up Positive, they officers had been moved from that sercurity area, to work, to N-wing, M-wing P-wing +-wing w/o being removed from the Unit completely. Temperature checks, weren't being taken regularly by Medical Staff on officers, contract workers, teachers, coming and going out the building, even after over 200+ offenders tested positive and were shipped to another unit 1:00 a.m in the morning. Still Medical department took no extreme measures, to Quaranteen, Strip the entire wing or wings, of Clothing, bedding, anything that could hold Covid-19 as a dormant. The excuse given by Lt. Busch "that would cost too much money." The Unit then begun loosing officers, extremely fast, some were sincere about Covid. But a great deal of them were wanting to catch Covid-19, their excuse was, so they could get 14 days off w/ Pay. Because they were being forced to work mandatory over-time, and they (officers) were extremely tired. Sleeping on shifts, after working 16 hrs straight with just a 2hr break, unable to leave unit because the doors were practically chained shut. With the treatment of being held hostage the agitation of I don't care attitude from these officers begun. No PPE gear, mask off, No. changing out gloves, No. sanitation of keys hands, No. social distance practice. From offenders, as a intent to spread Covid-19.

A petition was filed to the Eastern district Court Judge Nicole Mitchell in April, of 2020, as a cry of help, by offenders of the Beto Unit D-wing. No response as of today. and the Secretary Terri Goode was written as to a confirmation of recieving the Petition. No response from this Court.

This year 2021 Starting out in the Same Manner, Each defendants offices have been Contacted directly by phone calls of offenders families, E-mails directly to their E-mail addresses, and Spoken to directly by Myself Shawn L. Dunn

The events currently taking Place Now, are similar to last year but worse. and more intentional after complaints were filed, Administrative Remedies have been filed. and they all have been disregarded, Retaliation is occuring, and exposure to Covid-19 is devastating.

The acts being Committed can be testified to as to more specific detail of every defendants involvement in a Evidentiary hearing. Spears v. McCotter.

~~Immediate Response is Needed.~~

Respectfully Submitted
Shawn L. Dunn 1686724

Certificate of Service   Shawn L. Dunn

This is to Certify a true and Correct Copy of this Attachment of Statement was filed with the original Civil Rights Complaint. Testimony is Needed

Shawn L. Dunn 1686724
Beto Unit 1391 FM 3328
Tennessee Colony Tx 75880

Shawn L. Dunn

3 of 3



**Texas Department of Criminal Justice**

**STEP 1 OFFENDER GRIEVANCE FORM**

*Emergency Grievance Due to Covid-19 test showing "Negative"*

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2020133101 |
| Date Received: | JUN 0 8 2020 |
| Date Due: | 6-23-20 |
| Grievance Code: | 930/523 |
| Investigator ID #: | 12044 |
| Extension Date: | |
| Date Retd to Offender: | JUN 2 5 2020 |

Offender Name: Shawn L. Dunn    TDCJ # 1686724
Unit: Beto    Housing Assignment: ~~D-204~~ 52-11B
Unit where incident occurred: Beto

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? #1 Warden Gorsuch, #2 Sergt Clark, #3 Officer Hassan, #4 Sergt Samay    When? #1 May 31, #2 May 31, #3 June 4, #4 June 5

What was their response? #1 I'll follow Medical direct, #2 they'll probably move both, #3 No Answer, #4 File Step 1.

What action was taken? I was still left out during in harms way, and possibly crim act being comm.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate.

On May 31st 2020 in the South-side Gym I approached Sergt Clark S.T.G. (while our wing was being seated for Covid-19 testing)-to ask him if a offender is Negative, and one is Positive that live in the same cell whats gonna happen, he replied "they'll Probably move both." After I was done ~~testing~~ I then went to Warden Gorsuch, whom was sitting on the ~~same~~ bench, and ~~pose~~ first thanked him for testing us, and posed the same Question to him as I did Sergt Clark, his Response was "I'm gonna follow what Medical directs him to do." I said thank u and returned back to my wing. At that time our wing was on a Quaranteen, Sinse May 28, for a offender showing Symptoms, in Cell 109, B. All our laundry workers and wing workers working privileges were suspended, while our awaiting his results. No Nurse temp checks sinse the 20th but we were so-call contaminated. On Mons. June 3rd our off wing workers resumed to work. apparently the offender they took on the 28th tested Negative or he was not a threat. The test that where taken on Sunday, May 31st on our entire wing then came back. The results showed Positive readings, and the entire Unit was placed back on Medical Isolation again for the 3rd time on My housing. At 8-9 P.m June 4th 2020 I recieved a ~~Sign~~ Signature document from Lorie davis Electronically Signed. Stating my Participating in the testing, and it was Negative and thank me for the Practicing of Safety. I attempt to speak to the wing officer working the wing, but she was too busy to address my concerne. So I waited until the Next day and while sleep approximately 7:30-8:00 am the Nurses came over to take temperature checks on our wing when I attempted to address them with the results I recieved w lorie davis as confirmation, that I was Negative by testing; and why was I being test again, and Why wasn't my health and Safety being protected at this time, they just walked off. I then

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    JUN 0 8 2020    (OVER)

In Violation of GR 106: CM He Infection Control Manual B-14.52 Covid-19.    JUN 0 8 2020    **Appendix F**

addressed the officer working. She advised I should speak to some rank about my concern in. Srgt Simon then came on the wing to serve cases. I showed him the test results showing Negative and asked what does he suggest I do. His words "File stp I you know what to do." So I'm following his directive. While writing I spoke 2 Lt McGee on his rounds, and his response was "I really don't know what to do" regarding my claim of Life Endangerment, and a blatant attempt to harm me with a deadly virus, even after I followed Protocol and Tested Negative. to leave me housed w/ offenders who are possible carriers, with-out protecting my best interest is against Policy, to leave the offenders cell mate (that tested positive) - amongs us is intentional and we Realize they both should have been moved, instead, the cell mate is showering, using phones etc with us. JUN 0 8 2020

**Action Requested to resolve your Complaint:** To be either transfered to a wing uncontaminated or Unit closer to the county I fail out of

**Offender Signature:** Shawn A Deem   JUN 0 8 2020   **Date:** June 5, 2020

**Grievance Response:** Your allegations have been investigated. You were housed appropriately based upon Correctional Managed Health Care (CMHC) Infection Control Manual. TDCJ is taking this situation very seriously and are committed to the operation of a safe, secure, and sanitary facility.

**Signature Authority:** Raleigh Breeden AW   **Date:** 6/23/20

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

**OFFICE USE ONLY**
Initial Submission    UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
2nd Submission    UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
3rd Submission    UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

I-127 Back (Revised 11-2010)

Appendix F

# Texas Department of Criminal Justice

## STEP 1 — OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**
Grievance #: ~~500515~~ 2020100475
Date Received: APR 0 6 2020
Date Due: 05-16-20
Grievance Code: 523
Investigator ID #: 17044
Extension Date: 6-25-20
Date Retd to Offender: MAY 1 9 2020

Offender Name: Shawn L. Dunn   TDCJ #: 1686724
Unit: Beto   Housing Assignment: D-204
Unit where incident occurred: Beto

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Srgt Childress & officer Young   When? April 2, 2020

What was their response? officer Young disregarded 1st instance. Srgt Childress started using profanity instantly

What action was taken? both officers refuse protocol to allow speaking 2 Lt.   APR 0 6 2020

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On April 2, 2020 Srgt Childress & officer Young on D-wing intentionally/knowingly implemented a unsafe pre-caution measure, Reck-lessly endangering those housed on D-wing, by refusing showers, and disregarding the necessary implication initiated by Executive order by governor Abbott, as to Covid-19 precaution, See ombudsman invest # 06-1143-12 SD dated 3-31-2020 to family member Kimberly Guevara. To apply 23-1 restrictions to offenders at this time is something that's a unsafe measure which subjects the offenders to their chances of being subjected to symtoms of Covid 19, in which is to be prevented at all cost. The 23-1 restriction enables the offenders movement, to retain hot meals, separate, social distancing, and necessary access to out-side communication such access to phones, etc... especially after all visitation has been suspended. It enables offenders access to lay-ins to Religious Practice, work, Medical, Access to Courts, and all other activity in the unit. The reasons to restrict all offenders from Normal Access for some-one under the influence of Narcotics, due to them being in a common area, is a clear disregard of the Necessary usage of word "Common Area" in which will be day-room, chow hall etc... for a offender to be on a specific row, its still isolated because technically offenders aren't allowed on other rows or its out of place, So to improvise-due to Covid-19, whichever row a offender is displaying what-ever behavior which affects offenders priveleges, that row should be penalized since the unit is implementing a row by row day-room, movement etc..., to effect the entire wing is a taking unsafe precaution of social distance and prevention.   APR 0 6 2020

---

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix F

Due to Covid-19 required indirect Access, and other Suspension. 23-1 restrictions should be suspended to prevent direct contact and limit possible chances of getting symptoms. Its a precaution, that is to prevent spreading. In light of the ability to initiate precaution, row by row rec-time, due to untrained officers and shortage of staff clearly compromises the necessary requirements Covid-19 is applying. The officers whom seem to think precaution a regularly washing hands, and shower shows unknowledgable of the severity of what going on.

APR 0 6 2020

**Action Requested to resolve your Complaint:** To Suspend any and all 23-1 Restriction Until Covid-19 is lifted regarding bands etc....    APR 0 6 2020

**Offender Signature:** Shawn L Dunn      **Date:** 3-3-20

**Grievance Response:**

Your allegations have been investigated. TDCJ policies and procedures allows for Incident-related lockdowns in order to restore security and order and to protect the safety of staff and offenders. There were no TDCJ polices or procedures violated with D-Wing being placed on 23-hour suspension on 04/02/2020. No further action is warranted.

**Signature Authority:** Raleigh C Breeden  RALEIGH Breeden, AW    **Date:** 05-18-20

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**      *Resubmit this form when the corrections are made.

[ ] 1. Grievable time period has expired.
[ ] 2. Submission in excess of 1 every 7 days *
[ ] 3. Originals not submitted. *
[ ] 4. Inappropriate/Excessive attachments *
[ ] 5. No documented attempt at informal resolution. *
[ ] 6. No requested relief is stated. *
[ ] 7. Malicious use of vulgar, indecent, or physically threatening language *
[ ] 8. The issue presented is not grievable
[ ] 9. Redundant, Refer to grievance # _____
[ ] 10. Illegible/Incomprehensible. *
[ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

Offender Name: Shawn L. Dunn  TDCJ # 1686724
Unit: Beto  Housing Assignment: D-20A J2 11B
Unit where incident occurred: Beto

**OFFICE USE ONLY**
JUL 0 9 2020
Grievance #: 2020100475
UGI Recd Date: JUN 0 2 2020
HQ Recd Date: JUN 0 4 2020
Date Due: 7-19-6-7
Grievance Code: 523/930
Investigator ID#: 12589
Extension Date: 7-27

You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.

**Give reason for appeal (Be Specific).** I am dissatisfied with the response at Step 1 because...

The claim of the allegations being investigated contradicts the "There were no TDCJ policies or procedures violated w/ D-wing being placed on 23-hour Suspension" because this matter was grieved as 2 officers I claimed were negligent in their duty, to even notice the offender break the window that same night in the day room, also, a broken window because I wrote the step one pertaining to us not having showers, after it was a directive that disinfect needed constant spraying on surfaces, and washing and showering was greatly necessary. The Suspension should be documented if not it coincides (w) falsifying documents etc... Also when security and order is compromised, thats mostly initiated by a individual offender, not a wing of the capacity of 200 offenders, if thats the case then that brings on riot states, and a more extensive need for man power. Nothing is documented, and the Inquiry No # 2 placed on the Step one, was the support of these 2 officers policy violating, but apparently the grievance investi chose to disregard

---

I-128 Front (Revised 11-2010)  YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM  (OVER)

Appendix G

**Offender Signature:** _[signature]_  **Date:** May 25, 2020

**Grievance Response:**

An investigation has been conducted into your claim. You were properly advised at Step 1. This agency is responsible for the safety and security of all staff and offenders. In order to ensure the well-being of all concerned. Medical lockdown was implemented to preserve the units secure environment. No further action warranted.

T. PHILLIPS

**Signature Authority:** _TKB_  **Date:** 6·15·20

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

Initial Submission                CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened  ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

2nd Submission                CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened  ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

3rd Submission                CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened  ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)                                Appendix G

Shawn Dunn 1686724
Beto Unit 1391 Fm 3328
Tennessee Colony Texas 75880



Clerk. U.S. District Court
Western District of Texas
United States Court House
800 Franklin Avenue. Room 380
Waco Texas 26701

